NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYLVIA BUCHANAN; DEVINY BUCHANAN; L. W., minor child,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CITY OF SAN JOSE; RYAN DOTE, San Jose Police Officer; JAMES SOH, San Jose Police Officer,<br><br>Defendants-Appellees. | No.   17-16100<br><br>D.C. No. 5:15-cv-05786-LHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California Lucy
H. Koh, District Judge, Presiding

Submitted October 11, 2018[**]
San Francisco, California

Before: TASHIMA and MURGUIA, Circuit Judges, and CHATIGNY,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert N. Chatigny, United States District Judge for the District of Connecticut, sitting by designation.

This case arises from a tragic incident in which San Jose Police Officers Ryan Dote and James Soh shot and killed Phillip Watkins. It is undisputed that Watkins suffered from suicidal despair and arranged to engage the officers in the confrontation that resulted in his death. This action, brought under 42 U.S.C. § 1983, asserts claims against the officers for excessive force in violation of the Fourth Amendment, as well as several state law claims. The district court granted summary judgment in favor of the officers on all claims. Plaintiffs appeal the decision, arguing that the district court erred in finding that the officers acted reasonably.

We review a grant of summary judgment de novo. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007). In doing so, we view the evidence in the light most favorable to the non-moving party. *Lal v. California*, 746 F.3d 1112, 1115–16 (9th Cir. 2014) (quoting *Garcia v. County of Merced*, 639 F.3d 1206, 1208 (9th Cir. 2011)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.  Excessive Force

The officers responded to an emergency telephone call by Watkins, who falsely reported that there was a man at his address threatening his family with a knife. When the officers arrived at the address, they saw Watkins standing outside the house next to two women, armed with a knife. At that point, the distance between the officers and Watkins was more than 130 feet. It is undisputed that

Watkins then immediately advanced toward the officers in a threatening manner intending to commit "suicide by cop." Within seconds, both officers opened fire, and Watkins fell to the ground fatally wounded. At the time the officers opened fire, Watkins was approximately 55 feet from them. When Watkins fell, he was approximately 18 feet from the officers.

Plaintiffs claim that the officers' use of deadly force was unreasonable because Watkins posed no immediate threat. The district court rejected this claim on the ground that when the officers began firing, it is undisputed that Watkins was advancing toward them at a rapid pace, armed with a knife in his hand, and ignoring the officers' repeated commands to stop. In these circumstances, the immediate threat to the officers justified their use of deadly force. Had the officers waited 1 to 1.5 seconds more before firing when they did, Watkins would have reached them with the knife before falling to the ground.[1] *See Lal*, 746 F.3d at 1118–19 (concluding that officers' use of deadly force was reasonable when suspect had ignored officers' commands, previously demonstrated an intent to hurt others, and

---

[1] The dissent suggests that our conclusion that Watkins posed an immediate threat at a distance of 55 feet away from the officers is an impermissible finding of fact. However, this is *plaintiffs*' estimate of the distance between Watkins and the officers—an assertion we must assume to be accurate for purposes of our review. *Lal*, 746 F.3d at 1115. Defendants estimated the distance to be shorter, at 46 feet. Further, the dissent does not challenge the undisputed evidence that at 55 feet, Watkins was advancing toward the officers at a fast past (at least 12.3 feet per second), all while armed with a knife and ignoring the officers' repeated commands to stop.

3

was charging at the officers with a rock over his head).

Plaintiffs argue that the district court erred because the record evidence, viewed favorably to them, would permit a jury to find that the officers needlessly opened fire while Watkins was standing about 55 feet away from them after complying with their commands to stop. But there is no evidence, direct or circumstantial, to support plaintiffs' theory that Watkins was no longer advancing toward the officers when they opened fire. All the evidence, including the accounts provided by two disinterested witnesses, supports a finding that Watkins was advancing toward the officers.

Our esteemed dissenting colleague states that deposition testimony of Sylvia Buchanan raises a triable issue. We respectfully disagree. Buchanan testified that when the officers arrived, Watkins broke away from her and advanced toward the officers. The officers yelled at him to stop. Buchanan begged Watkins to stay with her, knowing he was distraught, but Watkins kept walking toward the officers then accelerated into a trot. She screamed at the officers that Watkins needed help and that they should tase him. At some point before the officers opened fire, Buchanan saw Watkins stop.

However, Buchanan testified that she could not remember what Watkins did next—whether Watkins remained standing or began moving toward the officers again. Rather, all Buchanan could remember afterwards was that she continued to

4

move toward the officers as she screamed at them to use their tasers and that she then heard gunfire.

Viewed in the light most favorable to plaintiffs, Buchanan's testimony is insufficient to create a triable issue. Buchanan's testimony that she saw Watkins stop but could not remember what he did next does not permit a reasonable inference that the officers opened fire even though Watkins was standing still at a distance of 55 feet. At most, Buchanan's testimony invites speculation about what occurred next. As we have held before, however, "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996).

Nor does the "21-foot rule" cited by the dissent enable plaintiffs to avoid summary judgment. The 21-foot rule provides that a person at a distance of 21 feet or less from an officer may pose a threat to the officer's safety. Based on this rule, the dissent would hold that there exists a genuine dispute as to whether the officers acted reasonably in this case because Watkins, at a distance of more than 21 feet from the officers, may not have posed an immediate threat to their safety when they began shooting.

The 21-foot rule provides that a person at a distance of 21 feet or less *may* pose a threat to the safety of an officer. It does not follow from this rule, or any other, that armed suspects never pose a threat beyond 21 feet. Notably, the dissent

does not cite any case holding that an officer must wait until an armed suspect is within 21 feet, or capable of actually inflicting death or serious harm, before being justified in using deadly force.

Plaintiffs also argue that the officers had less intrusive tactics available to subdue Watkins. However, Officer Dote's taser was not on his person. The evidence is inconclusive as to whether Officer Soh had a taser on his person, but Officer Soh stated in his declaration that a "taser would not have been an appropriate weapon in this situation because it [would have been] difficult to hit a running person with both prongs of the taser . . . unless the person [was] very close." Therefore, the officers' use of force in response to Watkins's conduct was reasonable under the circumstances. *See Lal*, 746 F.3d at 1117 (the fact that alternative means of subduing the suspect were not available when the suspect became a threat to officers weighed in favor of reasonableness); *see also Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994) (officers "need not avail themselves of the least intrusive means of responding to an exigent situation; they need only act within that range of conduct we identify as reasonable").

Finally, plaintiffs contend that the officers were on notice that Watkins was emotionally disturbed because: (1) they knew that another unit was responding to the scene with non-lethal-force options; (2) Watkins was holding the knife straight out, allegedly demonstrating an intent to commit "suicide by cop"; and (3)

Buchanan shouted out, "Don't shoot [Watkins], he needs your help, use your tasers." Plaintiffs fail to articulate how these circumstances made it reasonably apparent to the officers that Watkins was mentally ill. C*f. City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1769–70 (2015) (officers responding to call from social worker at group home for people dealing with mental illness); *Derole v. Rutherford*, 272 F.3d 1272, 1276, 1280 (9th Cir. 2001) (officers responding to call from wife about distressed husband and arriving to investigate peculiar behavior). Accordingly, the district court properly granted summary judgment in favor of the defendants.

## II.  State Law Claims

Plaintiffs' state law claims for violation of the Bane Act, assault, and negligence rise or fall based on the reasonableness of the officers' use of force. *See Lyall v. City of Los Angeles*, 807 F.3d 1178, 1184 (9th Cir. 2015) (citing Cal. Civ. Code § 52.1) (claim under Bane Act requires deprivation of constitutional right); *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527–29, 534 (2009) (resolving plaintiffs' battery and negligence claims on reasonableness grounds). Therefore, because the officers acted reasonably, the district court properly dismissed plaintiffs' state law claims for violation of the Bane Act, assault, and negligence. Plaintiffs' claim under California's Ralph Act also fails because there was insufficient evidence that the officers' conduct in this case was racially motivated.

7

*See Simmons v. Superior Court of San Diego Cty.,* 7 Cal. App. 5th 1113, 1123 (2016).

**AFFIRMED.**