*Buchanan v. City of San Jose*, No. 17-16100

TASHIMA, Circuit Judge, dissenting:

FILED
JUL 26 2019
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Because the majority's disposition ignores the salient rules governing review of an order granting summary judgment, I respectfully dissent.

This is an excessive force case brought against the City of San Jose and two of its police officers under 42 U.S.C. § 1983.  The district court granted the defendants' motion for summary judgment, concluding that the officers acted reasonably in shooting and killing the plaintiffs' decedent, Phillip Watkins.  In affirming that judgment, the majority recites the facts in the light most favorable to the moving parties – the defendants – and ignores the facts and inferences which support the plaintiffs' claims.

The majority first recites as an uncontroverted fact that Watkins was advancing towards the officers "quickly," at a speed of 12.3 feet per second.  But this conclusion ignores completely the testimony of Sylvia Faye Buchanan, who flatly stated that Watkins came to a complete stop before he reached the officers. ("They told him to stop, and he stopped.")  The district court rejected Sylvia Buchanan's testimony on the basis that it contradicted her prior testimony, but such a rejection is impermissible weighing of the evidence.  *See Pepper & Tanner, Inc. v. Shamrock Broad., Inc.*, 563 F.2d 391, 393 (9th Cir. 1977) ("On a motion for summary judgment neither [this court] nor the trial courts are permitted to weigh

the evidence, pass upon credibility, or 'speculate as to ultimate findings of fact.'" (citation omitted)). And the majority's discussion of her testimony—ultimately labeling it "unclear"—only highlights the fact that it creates an issue of fact for the jury.

The majority criticizes Ms. Buchanan's testimony, contending that it is "unclear what transpired after Watkins came to a stop," and that "we are left to speculate what Watkins may or may not have done next." Like the district court, it refuses to credit her testimony and to draw reasonable inferences from it in her favor. In sum, it rejects her testimony and accepts the defendants' version of what transpired, drawing all inferences in their favor. But it is the province of the jury to sort through potentially confusing testimony and determine which statements to credit and which not to, not the court's. *Id.* This is particularly true here, where the best witness, Watkins, is unable to testify. *See Gregory v. Cty. of Maui*, 523 F.3d 1103, 1107 (9th Cir. 2008) (noting that, in "cases in which the victim of alleged excessive force has died," we must carefully examine the record to determine if the officers' accounts are credible).

Second, engaging in its own factfinding, the majority finds that Watkins posed an immediate threat to the officers because he was only "55 feet away from

the Officers when they opened fire on Watkins."[1]  But in making that finding, the majority ignores the San Jose Police Department's own policy, which provides that a person armed with a dangerous weapon, such as a knife or bat, constitutes a danger to the safety of the officer when that person is at a distance of 21 feet or less from the officer.  Thus, under the Department's own 21-foot rule, Watkins, at a distance of 55 feet, presumptively did not pose an immediate threat to the safety of the officer when he was shot.[2]  Whether the officer, in shooting Watkins in contravention to the Department's own 21-foot rule, acted reasonably, presents a classic, controverted question of material fact.[3]

---

[1] The majority misunderstands what factual finding I object to. Accepting that the officers opened fire at 55 feet, as plaintiffs assert, the majority's error lies in finding that it was reasonable for the officers to believe that Watkins posed an immediate threat in contravention of their own Department's policy.

[2] The majority's interpretation of the 21-foot rule effectively reads it into oblivion.  The point of the rule is surely to guide officers' conduct as to whether and when a suspect poses a threat.  While there certainly may be occasions, as the majority notes, when a suspect within 21 feet would not be a threat, and when one outside 21 feet would be a threat, the policy creates a presumption for officers' to use.  Police officers are trained based on the policy, and the reasonable inference is that this training should affect our assessment of what a reasonable officer would believe and how he should react.  Accordingly, the fact that the officers acted in contravention of the Department's own policy, at the least, creates a question of fact for the jury as to whether their actions were reasonable.

[3] The majority relies on Officer Soh's declaration that a taser would not

(continued...)

Under well-established rules governing the review of summary judgment orders, on this record, whether the officer's use of deadly force was reasonable or excessive is a controverted question of fact the resolution of which lies in the province of the jury. *See Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002) ("Police misconduct cases almost always turn on a jury's credibility determinations."). Uncertainty as to the record, at the summary judgment stage, must be resolved in favor of the plaintiff. Given the uncertain summary judgment record that we have here, as the Supreme Court has noted, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Because I would reverse the grant of summary judgment to defendants and remand for trial, I respectfully dissent.

---

[3](...continued)
have been effective because Watkins was not "very close," *i.e.*, not close enough. Maj. Dispo. at 6. I find it perplexing how the fact that Watkins was not close enough for police to use a taser does not, at the least, raise a controverted issue of fact whether he was close enough for him to use a knife.